# EXHIBIT B

## Case Docket Entries

| | | | |
|---|---|---|---|
| Court: | **Circuit** | County: | **51 - Webster** |
| Judge: | **Jack Alsop** | Created Date: | **3/21/2019** |
| Case Type: | **Civil** | Case Sub-Type: | **Tort** |

| | |
|---|---|
| Case Number: | **CC-51-2019-C-7** |
| Status: | **Open** |
| Security Level: | **Public** |

Style:     **Charlotte Mathes v. Webster County Memorial Hospital, Incorporated**

| | Created Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 1 | 3/21/2019 6:31 PM | E-Filed | | Complaint; cc to WV Sec. of State for service upon Defendant |
| | 1-1 3/21/2019 | Case Information Sheet | | |
| | 1-2 3/21/2019 | Complaint - Complaint | | |
| | 1-3 3/21/2019 | Transmittal | | |
| | 1-4 3/21/2019 | Summons | | |
| 2 | 3/21/2019 6:31 PM | Judge Assigned | J-51001 | Jack Alsop |
| 3 | 3/21/2019 6:31 PM | Party Added | P-001 | Charlotte Mathes |
| 4 | 3/21/2019 6:31 PM | Party Added | D-001 | Webster County Memorial Hospital, Incorporated |
| 5 | 3/21/2019 6:31 PM | Attorney Listed | P-001 | A-9880 - Erika Kolenich |
| 6 | 3/21/2019 6:31 PM | Service Requested | D-001 | Secretary of State - Certified |
| 7 | 4/1/2019 11:23 AM | E-Filed | | Service Return - Return on Webster County Memorial Hosipital Incorporated |
| | 7-1 4/1/2019 | Service Return - Return on Webster County Memorial Hospital Incorporated | | |
| | 7-2 4/1/2019 | Transmittal | | |
| 8 | 4/1/2019 1:05 PM | Scanned Document | | 2019-04-01 - Other - WV Sec of State Invoice Summary/Payment Method for summons WCMH |
| | 8-1 4/1/2019 | Other - WV Sec of State Invoice Sumary/Payment Method for summons WCMH | | |

# COVER SHEET

E-FILED | 3/21/2019 6:31 PM
CC-51-2019-C-7
Webster County Circuit Clerk
Jeanie Moore

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF WEBSTER COUNTY WEST VIRGINIA

**Charlotte Mathes v. Webster County Memorial Hospital, Incorporated**

**First Plaintiff:** ☐ Business ☑ Individual    **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other    ☐ Government ☐ Other

**Judge:** Jack Alsop

## COMPLAINT INFORMATION

**Case Type:** Civil    **Complaint Type:** Tort

**Origin:** ☑ Initial Filing  ☐ Appeal from Municipal Court  ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No    **Case will be ready for trial by:** 9/1/2020

**Mediation Requested:** ☑ Yes ☐ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

☐ Wheelchair accessible hearing room and other facilities

☐ Interpreter or other auxiliary aid for the hearing impaired

☐ Reader or other auxiliary aid for the visually impaired

☐ Spokesperson or other auxiliary aid for the speech impaired

☐ Other: _____

☐ I am proceeding without an attorney

☑ I have an attorney:  Erika Kolenich, 85 W. Main St., Buckhannon, WV 26201

## SERVED PARTIES

**Name:**  Webster County Memorial Hospital, Incorporated

**Address:**  c/o Jim Parker P.O. Box 312, Webster Springs WV 26288

**Days to Answer:** 30          **Type of Service:**  Secretary of State - Certified

E-FILED | 3/21/2019 6:31 PM
CC-51-2019-C-7
Webster County Circuit Clerk
Jeanie Moore

# Request for Legal Process to be Served by the West Virginia Secretary of State

Please serve the named defendant  Webster County Memorial Hospital, Incorporated
in the attached matter according to the provision of applicable law.

| | | |
|---|---|---|
| ☐ | §21A-5-17c | Service on non-resident employer & others liable for unemployment comensation payments |
| ☐ | §29-19-14 | Service on professional fund raising counsel, nonresident charitable organizations or professional solicitors soliciting contributions from people in this State |
| ☑ | §31D-5-504 & §56-3-13 | Service on authorized domestic corporation |
| ☐ | §31D-15-1510 | Service on unauthorized foreign corporation |
| ☐ | §31B-1-111 & §31B-9-906 | Service on authorized domestic or foreign limited liability company |
| ☐ | §33-4-12 | Service on licensed insurer |
| ☐ | §33-4-13 & §33-2-22 | Service on unlicensed or unauthorized foreign insurer |
| ☐ | §38-1A-7 & §38-1A-8 | Service on non-resident trustee of a security trust |
| ☐ | §46A-2-137 | Service on certain nonresidents under WV Consumer Credit and Protection Act |
| ☐ | §47-9-4 | Service on authorized domestic or foreign limited partnership formed under §47-9, or limited liability partnership (LLP) formed under §47B-10 (see also §56-3-13a, §47B-9-6) |
| ☐ | §47-9-4 | Service on unauthorized foreign limited partnership or LLP |
| ☐ | §56-3-31 | Service on nonresident motor vehicle operator involved in an accident in this state, or on his/her insurer |
| ☐ | §56-3-31 | Service on individual under the long-arm statute because the individual is: |

- ☐ (1) Transacting business in this state
- ☐ (2) Contacting to supply services or things in this state
- ☐ (3) Causing tortious injury in this state by act or omission (see §56-3-33(4) for description of causing tortious inury)
- ☐ (4) Non-support of minor children (pusuant to Lozinski v. Lozinski)
- ☐ (5) Causing injury in this state by breach of warranty
- ☐ (6) Having interest in, using or possessing real property in this state
- ☐ (7) Contracting to insure person, property or risk located in WV at the time of contracting

| | | |
|---|---|---|
| ☐ | §38-5A-5 | Service of suggestee execution as provided for in §38-5A |

# SUMMONS

E-FILED | 3/21/2019 6:31 PM
CC-51-2019-C-7
Webster County Circuit Clerk
Jeanie Moore

## IN THE CIRCUIT OF WEBSTER WEST VIRGINIA
### Charlotte Mathes v. Webster County Memorial Hospital, Incorporated

Service Type:    Secretary of State - Certified

NOTICE TO:    Webster County Memorial Hospital, Incorporated, c/o Jim Parker, P.O. Box 312, Webster Springs, WV 26288

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Erika Kolenich, 85 W. Main St., Buckhannon, WV 26201

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

3/21/2019 6:31:11 PM                    /s/ Jeanie Moore
_____                    _____
Date                                            Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on    _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to    _____

_____

☐ Not Found in Bailiwick

_____                    _____
Date                                            Server's Signature

*Office of the Secretary of State*
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

E-FILED | 4/1/2019 11:23 AM
CC-51-2019-C-7
Webster County Circuit Clerk
Jeanie Moore



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

Jeanie Moore
Webster Co. Courthouse
2 Court Square, Rm. G-4
Webster Sprgs., WV 26288-1095

| | |
|---|---|
| **Control Number:** 236432 | **Agent:** JIM PARKER |
| **Defendant:** WEBSTER COUNTY MEMORIAL HOSPITAL INCORPORATED PO BOX 312 WEBSTER SPRINGS, WV 26288 US | **County:** Webster |
| | **Civil Action:** 19-C-7 |
| | **Certified Number:** 92148901125134100002493728 |
| | **Service Date:** 3/27/2019 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 3/21/2019 6:31 PM
CC-51-2019-C-7
Webster County Circuit Clerk
Jeanie Moore

## IN THE CIRCUIT OF WEBSTER WEST VIRGINIA

### Charlotte Mathes v. Webster County Memorial Hospital, Incorporated

Service Type:     Secretary of State - Certified

NOTICE TO:   Webster County Memorial Hospital, Incorporated, c/o Jim Parker, P.O. Box 312, Webster Springs, WV 26288

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Erika Kolenich, 85 W. Main St., Buckhannon, WV 26201

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

3/21/2019 6:31:11 PM                         /s/ Jeanie Moore

Date                                               Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

_____                    _____
Date                                                    Server's Signature



West Virginia E-Filing Notice

CC-51-2019-C-7

Judge: Jack Alsop

**To:** Webster County Memorial Hospital, Incorporated
c/o Jim Parker
P.O. Box 312
Webster Springs, WV 26288

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF WEBSTER COUNTY, WEST VIRGINIA

Charlotte Mathes v. Webster County Memorial Hospital, Incorporated
CC-51-2019-C-7

The following complaint was FILED on 3/21/2019 6:31:11 PM

Notice Date:      3/21/2019 6:31:11 PM

Jeanie Moore
CLERK OF THE CIRCUIT
Webster
2 Court Square, Room G-4
WEBSTER SPRINGS, WV 26288

(304) 847-2421
jeanie.moore@courtswv.gov

E-FILED | 3/21/2019 6:31 PM
CC-51-2019-C-7
Webster County Circuit Clerk
Jeanie Moore

# Request for Legal Process to be Served by the West Virginia Secretary of State

Please serve the named defendant   Webster County Memorial Hospital, Incorporated
in the attached matter according to the provision of applicable law.

☐ §21A-5-17c     Service on non-resident employer & others liable for unemployment comensation payments

☐ §29-19-14      Service on professional fund raising counsel, nonresident charitable organizations or professional solicitors soliciting contributions from people in this State

☑ §31D-5-504 & §56-3-13      Service on authorized domestic corporation

☐ §31D-15-1510     Service on unauthorized foreign corporation

☐ §31B-1-111 & §31B-9-906      Service on authorized domestic or foreign limited liability company

☐ §33-4-12     Service on licensed insurer

☐ §33-4-13 & §33-2-22      Service on unlicensed or unauthorized foreign insurer

☐ §38-1A-7 & §38-1A-8      Service on non-resident trustee of a security trust

☐ §46A-2-137     Service on certain nonresidents under WV Consumer Credit and Protection Act

☐ §47-9-4      Service on authorized domestic or foreign limited partnership formed under §47-9, or limited liability partnership (LLP) formed under §47B-10 (see also §56-3-13a, §47B-9-6)

☐ §47-9-4      Service on unauthorized foreign limited partnership or LLP

☐ §56-3-31      Service on nonresident motor vehicle operator involved in an accident in this state, or on his/her insurer

☐ §56-3-31      Service on individual under the long-arm statute because the individual is:

   ☐ (1)   Transacting business in this state

   ☐ (2)   Contacting to supply services or things in this state

   ☐ (3)   Causing tortious injury in this state by act or omission (see §56-3-33(4) for description of causing tortious inury)

   ☐ (4)   Non-support of minor children (pusuant to Lozinski v. Lozinski)

   ☐ (5)   Causing injury in this state by breach of warranty

   ☐ (6)   Having interest in, using or possessing real property in this state

   ☐ (7)   Contracting to insure person, property or risk located in WV at the time of contracting

☐ §38-5A-5     Service of suggestee execution as provided for in §38-5A

**SUMMONS**

E-FILED | 3/21/2019 6:31 PM
CC-51-2019-C-7
Webster County Circuit Clerk
Jeanie Moore

## IN THE CIRCUIT OF WEBSTER WEST VIRGINIA
### Charlotte Mathes v. Webster County Memorial Hospital, Incorporated

Service Type:   Secretary of State - Certified

NOTICE TO:   Webster County Memorial Hospital, Incorporated, c/o Jim Parker, P.O. Box 312, Webster Springs, WV 26288

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Erika Kolenich, 85 W. Main St., Buckhannon, WV 26201

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 3/21/2019 6:31:11 PM | /s/ Jeanie Moore |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

**COVER SHEET**

E-FILED | 3/21/2019 6:31 PM
CC-51-2019-C-7
Webster County Circuit Clerk
Jeanie Moore

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF WEBSTER COUNTY WEST VIRGINIA

*Charlotte Mathes v. Webster County Memorial Hospital, Incorporated*

**First Plaintiff:**  ☐ Business  ☑ Individual     **First Defendant:**  ☑ Business  ☐ Individual
                    ☐ Government  ☐ Other                              ☐ Government  ☐ Other

**Judge:**     Jack Alsop

## COMPLAINT INFORMATION

**Case Type:**  Civil                     **Complaint Type:**  Tort

**Origin:**     ☑ Initial Filing     ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:**       ☑ Yes  ☐ No     **Case will be ready for trial by:**  9/1/2020

**Mediation Requested:**        ☑ Yes  ☐ No

**Substantial Hardship Requested:** ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

   ☐ Wheelchair accessible hearing room and other facilities

   ☐ Interpreter or other auxiliary aid for the hearing impaired

   ☐ Reader or other auxiliary aid for the visually impaired

   ☐ Spokesperson or other auxiliary aid for the speech impaired

   ☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney:   Erika Kolenich, 85 W. Main St., Buckhannon, WV 26201

# SERVED PARTIES

**Name:**           Webster County Memorial Hospital, Incorporated

**Address:**        c/o Jim Parker P.O. Box 312, Webster Springs WV 26288

**Days to Answer:** 30                **Type of Service:**  Secretary of State - Certified

E-FILED | 3/21/2019 6:31 PM
CC-51-2019-C-7
Webster County Circuit Clerk
Jeanie Moore

## IN THE CIRCUIT COURT OF WEBSTER COUNTY, WEST VIRGINIA

**CHARLOTTE L. MATHES,**
      **Plaintiff,**

v.                                                **CIVIL ACTION NO.: 19-C-____**

**WEBSTER COUNTY MEMORIAL
HOSPITAL, INCORPORATED**

      **Defendant.**

### COMPLAINT

      NOW COMES the Plaintiff, Charlotte L. Mathes, for her cause of action against the Defendant, states and alleges as follows, to-wit:

### PREFACE

1. Plaintiff, Charlotte L. Mathes, (hereinafter referred to as "Plaintiff" or "Plaintiff Mathes") is an adult individual and resident of Cowen, Webster County, West Virginia.

2. Defendant, Webster County Memorial Hospital, Incorporated, (hereinafter referred to as "Defendant Webster County Memorial Hospital") is a domestic corporation, licensed and authorized to do business in the State of West Virginia and does actively and systematically conduct, contract and transact business in West Virginia; further, Defendant Webster County Memorial Hospital has a principal office address of 324 Miller Mt. Dr., Webster Springs, WV 26288, and a Notice of Process contact as Jim Parker, P.O. Box 312, Webster Springs, WV 26288.

3. Plaintiff Mathes was hired by Defendant Webster County Memorial Hospital on or about June 22, 2015, as a Secretary I/Medical Secretary.

1

4. At all times relevant herein, Plaintiff Mathes performed all of her job duties in a satisfactory and/or above satisfactory manner and any contention to the contrary is merely a pretext.

5. On or about July of 2017, Defendant moved Plaintiff's office with the registration personnel.

6. On or about March 21, 2018, Plaintiff filed for leave pursuant to the Family Medical Leave Act (hereinafter referred to as "FMLA").

7. Plaintiff was off work on FMLA from on or about March 21, 2018 to on or about March 25, 2018.

8. After the filing of Plaintiff's FMLA claim, Plaintiff began experiencing disparate treatment as Defendant began issuing Plaintiff verbal disciplines for things that she had not been disciplined for before she filed for FMLA. Based on information and belief, said disciplinary actions lacked merit, and was an act of retaliation for Plaintiff's filing of an FMLA claim.

9. Upon her return to work, on or about March 26, 2018, Plaintiff was addressed by Defendant and informed that she would need to sign a document indicating her new job title of Registration/Scheduling/Referral Clerk. Plaintiff was further informed that if she did not sign the same, she would be terminated.

10. On or about March 30, 2018, Plaintiff was called into a meeting with Jim Parker, Imajean Rhodes, Tina Riffle, Sheila Brown and Michelle Holcomb to address issue of black roses the hospital received. They accused Plaintiff of buying and sending the flowers to the hospital. Plaintiff explained that she did not buy the flowers and only delivered them to

2

the intended recipients since the flower delivery person left the flowers with Plaintiff. Mr. Parker called Plaintiff a "liar" and threatened Plaintiff with termination.

11. On or about April 1, 2018, Mr. Parker asked Plaintiff whether she had been scheduling Dr. Mace patients. When Plaintiff responded in the affirmative, Mr. Parker began yelling at Plaintiff, pointed to a note on the wall and informed her that per the note she was not to be scheduling appointments for him. Plaintiff was never informed of said note, nor was she ever advised not to schedule appointments for Dr. Mace.

12. On or about June 26, 2018, Plaintiff was forced to put in a transfer request for a Scheduler/Registration Clerk position. Mr. Parker informed Plaintiff that she had to do registration or she would be fired. Plaintiff then filed the transfer request as she was told.

13. On or about June 26, 2018, Defendant issued Plaintiff a meritless Employee Disciplinary Action for alleged improper job performance, alleging that Plaintiff refused to do the new job she was asked to do. Plaintiff never declined to do the job but merely questioned the added responsibilities and stated to Defendants that she preferred not take the new position. Despite not wanting to take the position, Plaintiff signed the transfer form as directed.

14. On or about June 28, 2018, Defendants verbally reprimanded Plaintiff alleging Plaintiff made a scheduling mishap that caused Defendant to lose a patient. Defendant accused Plaintiff of telling a patient that Dr. Mace could not see the Patient. This reprimand was without merit because Plaintiff did in fact make this patient an appointment with Dr. Mace. Defendants also wrongfully accused Plaintiff of telling people that the hospital was a "sinking ship".

3

15. On or about June 29, 2018, Plaintiff was off work on an approved sick day to medical appointments. On this day Imajean Rhodes called Plaintiff and asked her to come into the office to discuss a scheduling incident before 4:00 p.m. Plaintiff stated she was on a sick day to attend a medical appointments and thus was not in town and could not come in. Later that day, Defendants called Plaintiff to see why she did not come into the office. Plaintiff again explained she was out for medical appointments and wasn't in town, just as she explained to Imajean Rhodes. Defendant then moved the meeting to July 2, 2018.

16. On or about July 2, 2018, Plaintiff called Defendant and indicated she was sick, would be seeing Dr. Mace and would bring in an excuse. During her appointment on or about July 2, 2018, Plaintiff's doctor recommended she file for FMLA beginning on July 2, 2018 to January 2, 2019. Therefore, on or about July 2, 2018, Plaintiff filed for FMLA and delivered the same to Defendant.

17. Thereafter, on July 2, 2018, Defendant wrongfully, recklessly, carelessly, willfully, wantonly and unlawfully terminated Plaintiff without cause in an extreme and outrageous manner. On that day Defendant Michelle Holcomb issued Plaintiff a termination letter via United States Certified Mail.

18. On the morning of July 7, 2018, Plaintiff signed for said termination letter and it was not until the morning of July 7, 2018, that Plaintiff was informed of her termination.

## COUNT I- RETALIATION AND DISCRIMINATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

19. Plaintiff Mathes hereby realleges each and every allegation contained in Paragraphs One (1) through Eighteen (18) as if fully restated herein.

20. Defendant Webster County Memorial Hospital began retaliating against Plaintiff Mathes after she returned from FMLA leave on or about March 26, 2018.

4

21. Defendant Webster County Memorial Hospital unreasonably terminated Plaintiff Mathes after she filed a second application for leave granted under the Family Medical Leave Act on or about July 2, 2018.

22. Defendant Webster County Memorial Hospital terminated Plaintiff Mathes' employment without business justification and in a discriminatory manner, and as a direct and proximate result of Plaintiff Mathes taking medical leave under the Family Medical Leave Act, which unlawfully interfered with, restrained, and/or denied Plaintiff Mathes the exercise of her FMLA rights.

23. As a direct and proximate result of the acts of Defendant Webster County Memorial Hospital as herein alleged Plaintiff Mathes was caused to suffer damages and losses as hereinafter set forth.

## COUNT IV – RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY

24. Plaintiff Mathes hereby realleges each and every allegation contained in Paragraphs One (1) through Twenty-Three (23) as if fully restated herein.

25. Based upon information and belief, Defendant wrongfully terminated Plaintiff Mathes because she lawfully utilized an earned benefit, namely FMLA benefits, in violation of West Virginia public policy.

26. Plaintiff did not commit any separate dischargeable offense.

27. West Virginia has a public policy of protecting workers from being retaliated against for utilizing benefits rightfully earned through their employment.

28. As a direct and proximate cause of the Defendant's wrongful termination, Plaintiff suffered injuries, damages and losses as hereinafter set forth.

5

## COUNT III – TORT OF OUTRAGE

29. Plaintiff hereby re-alleges each and every allegation contained in paragraphs One (1) through Twenty-Eight (28) as if fully restated herein.

30. The discriminatory and retaliatory acts and/or omissions taken against Plaintiff Mathes by Defendant Webster County Memorial Hospital, were done in a severe and outrageous manner and were so extreme as to be intolerable in a civilized society.

31. Defendant acted intentionally and recklessly which caused Plaintiff Mathes extreme emotional distress.

32. Defendant knew that said intentional and reckless actions would cause Plaintiff Mathes to suffer extreme emotional distress.

33. As a direct and proximate result of the outrageous and wrongful actions aforesaid, Plaintiff has suffered injuries, damages and losses as hereinafter set forth.

## DAMAGES

34. Plaintiff hereby restates each and every allegation contained in paragraphs one (1) through Thirty-Three (33) of this Complaint as if fully rewritten herein.

35. As a direct and proximate result of the acts and/or omissions of Defendants as hereinbefore alleged, Plaintiff has been caused to suffer injuries, damages and losses, including but not limited to: loss wages and benefits both past and future, emotional distress, anxiety, fear, embarrassment, humiliation, financial hardship, and attorney fees.

36. All of the acts of Defendants and its agents, servants, and employees, as alleged in each count of this Complaint were willful, wanton, and malicious and/or reckless and/or in reckless disregard for the civil rights of Plaintiff Charlotte L. Mathes such that punitive damages are warranted.

6

WHEREFORE, Plaintiffs, Charlotte L. Mathes, demands judgment against the Defendant Webster County Memorial Hospital, Incorporated in an amount that would adequately compensate Plaintiff for the unlawful acts and/or omissions and violations of law by Defendant, plus whatever other relief the Court or Jury would deem just; and for punitive damages in an amount adequate to punish and deter Defendant from committing this type of conduct in the State of West Virginia in the future and in such amounts as will satisfy all other reasons of law and public policy for an award of punitive damages; and Plaintiff further prays for an award of attorney fees, costs, interest, and for such other relief as the Court or jury deems just.

## PLAINTIFF DEMANDS A TRIAL BY JURY.

Charlotte L. Mathes,
By Counsel,

Erika Klie Kolenich, Esq. (9880)
Klie Law Offices, PLLC
85 W. Main St.
Buckhannon, WV 26201
(304) 472-5007
Facsimile: 304-472-1126
ehklie@klielawoffices.com

7

IN THE CIRCUIT COURT OF WEBSTER COUNTY, WEST VIRGINIA

**CHARLOTTE L. MATHES,**
      Plaintiff,

v.                                       **CIVIL ACTION NO.: 19-C-\_\_\_**

**WEBSTER COUNTY MEMORIAL**
**HOSPITAL, INCORPORATED, and**
**MICHELLE HOLCOMB**
      Defendants.

### VERIFICATION

STATE OF WEST VIRGINIA;
COUNTY OF _Webster_ ; TO-WIT:

    I, **Charlotte L. Mathes**, named in the foregoing *"COMPLAINT,"* after being first duly swom, do hereby swear that the facts and allegations therein contained are true, except insofar as they are therein stated to be upon information and belief, I believe them to be true.

*Charlotte L. Mathes*
                                    Charlotte L. Mathes

Taken, subscribed, and sworn to before
me, a Notary Public, by Charlotte L. Mathes
on this the 26th day of _February_ , 2019.

_Terry D. Casteel_
Notary Public

My Commission expires on: _June 7, 2020_

```
NOTARY PUBLIC OFFICIAL SEAL
TERRY D. CASTEEL
State of West Virginia
My Comm. Expires Jun 7, 2020
129 Allman Ave Cowen WV 26206
```

8

**Mac Warner**
**Secretary of State**
Bldg. 1, Suite 157-K
1900 Kanawha Blvd. East
Charleston, WV 25305-0770
Phone: 304-558-6000
Toll-free: 866-767-8683

# Invoice

Date:       03/27/2019
Invoice #:      488923

Bill to:
CIRCUIT COURT OF WEBSTER COUNTY
2 COURT SQUARE, ROOM G-4
WEBSTER SPRINGS, WV 26288

Reference #: 19-C-7
Defendant name: WEBSTER COUNTY
MEMORIAL HOSPITAL INCORPORATED
County: WEBSTER COUNTY

Reference: 19-C-7

## Invoice summary

| Service | Service # | Qty | Unit Cost | Subtotal | Description |
|---|---|---|---|---|---|
| Service - US defendant | 15 | 1 | $20.00 | $20.00 | Filing fee for case #19-C-7 |
| **Remaining balance (pay this amount):** | | | | **$20.00** | |

## Payment methods

**Payment is due at time of service.**
Accepted payment methods are check, credit card, or Intergovernmental Transfer (IGT).

## Intergovernmental transfer

State agencies using IGT: please follow the WVOASIS allocation instructions below for each billed item:
**Make sure to specify INVOICE ID #488923.**

| Service Id | OASIS Account #<br>Fund \| Dept \| Unit \| Rev \|Function | Invoice Id | Amount |
|---|---|---|---|
| 15 | 0155-1600-1003-5592-5712 | 488923 | $10.00 |
| | 1612-1600-1003-6696-5712 | 488923 | $10.00 |

# SUMMONS

E-FILED | 3/21/2019 6:31 PM
CC-51-2019-C-7
Webster County Circuit Clerk
Jeanie Moore

## IN THE CIRCUIT OF WEBSTER WEST VIRGINIA
### Charlotte Mathes v. Webster County Memorial Hospital, Incorporated

Service Type:   Secretary of State - Certified

NOTICE TO:   Webster County Memorial Hospital, Incorporated, c/o Jim Parker, P.O. Box 312, Webster Springs, WV 26288

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Erika Kolenich, 85 W. Main St., Buckhannon, WV 26201

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

3/21/2019 6:31:11 PM                          /s/ Jeanie Moore

    Date                                                    Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

    Date                                          Server's Signature

E-FILED | 3/21/2019 6:31 PM
CC-51-2019-C-7
Webster County Circuit Clerk
Jeanie Moore

IN THE CIRCUIT COURT OF WEBSTER COUNTY, WEST VIRGINIA

**CHARLOTTE L. MATHES,**
        **Plaintiff,**

v.                                                    CIVIL ACTION NO.: 19-C- \_\_\_\_

**WEBSTER COUNTY MEMORIAL**
**HOSPITAL, INCORPORATED**

        **Defendant.**

## COMPLAINT

NOW COMES the Plaintiff, Charlotte L. Mathes, for her cause of action against the Defendant, states and alleges as follows, to-wit:

### PREFACE

1. Plaintiff, Charlotte L. Mathes, (hereinafter referred to as "Plaintiff" or "Plaintiff Mathes") is an adult individual and resident of Cowen, Webster County, West Virginia.

2. Defendant, Webster County Memorial Hospital, Incorporated, (hereinafter referred to as "Defendant Webster County Memorial Hospital") is a domestic corporation, licensed and authorized to do business in the State of West Virginia and does actively and systematically conduct, contract and transact business in West Virginia; further, Defendant Webster County Memorial Hospital has a principal office address of 324 Miller Mt. Dr., Webster Springs, WV 26288, and a Notice of Process contact as Jim Parker, P.O. Box 312, Webster Springs, WV 26288.

3. Plaintiff Mathes was hired by Defendant Webster County Memorial Hospital on or about June 22, 2015, as a Secretary I/Medical Secretary.

4. At all times relevant herein, Plaintiff Mathes performed all of her job duties in a satisfactory and/or above satisfactory manner and any contention to the contrary is merely a pretext.

5. On or about July of 2017, Defendant moved Plaintiff's office with the registration personnel.

6. On or about March 21, 2018, Plaintiff filed for leave pursuant to the Family Medical Leave Act (hereinafter referred to as "FMLA").

7. Plaintiff was off work on FMLA from on or about March 21, 2018 to on or about March 25, 2018.

8. After the filing of Plaintiff's FMLA claim, Plaintiff began experiencing disparate treatment as Defendant began issuing Plaintiff verbal disciplines for things that she had not been disciplined for before she filed for FMLA.  Based on information and belief, said disciplinary actions lacked merit, and was an act of retaliation for Plaintiff's filing of an FMLA claim.

9. Upon her return to work, on or about March 26, 2018, Plaintiff was addressed by Defendant and informed that she would need to sign a document indicating her new job title of Registration/Scheduling/Referral Clerk. Plaintiff was further informed that if she did not sign the same, she would be terminated.

10. On or about March 30, 2018, Plaintiff was called into a meeting with Jim Parker, Imajean Rhodes, Tina Riffle, Sheila Brown and Michelle Holcomb to address issue of black roses the hospital received. They accused Plaintiff of buying and sending the flowers to the hospital. Plaintiff explained that she did not buy the flowers and only delivered them to

2

the intended recipients since the flower delivery person left the flowers with Plaintiff. Mr. Parker called Plaintiff a "liar" and threatened Plaintiff with termination.

11. On or about April 1, 2018, Mr. Parker asked Plaintiff whether she had been scheduling Dr. Mace patients. When Plaintiff responded in the affirmative, Mr. Parker began yelling at Plaintiff, pointed to a note on the wall and informed her that per the note she was not to be scheduling appointments for him. Plaintiff was never informed of said note, nor was she ever advised not to schedule appointments for Dr. Mace.

12. On or about June 26, 2018, Plaintiff was forced to put in a transfer request for a Scheduler/Registration Clerk position. Mr. Parker informed Plaintiff that she had to do registration or she would be fired. Plaintiff then filed the transfer request as she was told.

13. On or about June 26, 2018, Defendant issued Plaintiff a meritless Employee Disciplinary Action for alleged improper job performance, alleging that Plaintiff refused to do the new job she was asked to do. Plaintiff never declined to do the job but merely questioned the added responsibilities and stated to Defendants that she preferred not take the new position. Despite not wanting to take the position, Plaintiff signed the transfer form as directed.

14. On or about June 28, 2018, Defendants verbally reprimanded Plaintiff alleging Plaintiff made a scheduling mishap that caused Defendant to lose a patient. Defendant accused Plaintiff of telling a patient that Dr. Mace could not see the Patient. This reprimand was without merit because Plaintiff did in fact make this patient an appointment with Dr. Mace. Defendants also wrongfully accused Plaintiff of telling people that the hospital was a "sinking ship".

3

15. On or about June 29, 2018, Plaintiff was off work on an approved sick day to medical appointments. On this day Imajean Rhodes called Plaintiff and asked her to come into the office to discuss a scheduling incident before 4:00 p.m. Plaintiff stated she was on a sick day to attend a medical appointments and thus was not in town and could not come in. Later that day, Defendants called Plaintiff to see why she did not come into the office. Plaintiff again explained she was out for medical appointments and wasn't in town, just as she explained to Imajean Rhodes. Defendant then moved the meeting to July 2, 2018.

16. On or about July 2, 2018, Plaintiff called Defendant and indicated she was sick, would be seeing Dr. Mace and would bring in an excuse. During her appointment on or about July 2, 2018, Plaintiff's doctor recommended she file for FMLA beginning on July 2, 2018 to January 2, 2019. Therefore, on or about July 2, 2018, Plaintiff filed for FMLA and delivered the same to Defendant.

17. Thereafter, on July 2, 2018, Defendant wrongfully, recklessly, carelessly, willfully, wantonly and unlawfully terminated Plaintiff without cause in an extreme and outrageous manner. On that day Defendant Michelle Holcomb issued Plaintiff a termination letter via United States Certified Mail.

18. On the morning of July 7, 2018, Plaintiff signed for said termination letter and it was not until the morning of July 7, 2018, that Plaintiff was informed of her termination.

## COUNT I- RETALIATION AND DISCRIMINATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

19. Plaintiff Mathes hereby realleges each and every allegation contained in Paragraphs One (1) through Eighteen (18) as if fully restated herein.

20. Defendant Webster County Memorial Hospital began retaliating against Plaintiff Mathes after she returned from FMLA leave on or about March 26, 2018.

4

21. Defendant Webster County Memorial Hospital unreasonably terminated Plaintiff Mathes after she filed a second application for leave granted under the Family Medical Leave Act on or about July 2, 2018.

22. Defendant Webster County Memorial Hospital terminated Plaintiff Mathes' employment without business justification and in a discriminatory manner, and as a direct and proximate result of Plaintiff Mathes taking medical leave under the Family Medical Leave Act, which unlawfully interfered with, restrained, and/or denied Plaintiff Mathes the exercise of her FMLA rights.

23. As a direct and proximate result of the acts of Defendant Webster County Memorial Hospital as herein alleged Plaintiff Mathes was caused to suffer damages and losses as hereinafter set forth.

## COUNT IV – RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY

24. Plaintiff Mathes hereby realleges each and every allegation contained in Paragraphs One (1) through Twenty-Three (23) as if fully restated herein.

25. Based upon information and belief, Defendant wrongfully terminated Plaintiff Mathes because she lawfully utilized an earned benefit, namely FMLA benefits, in violation of West Virginia public policy.

26. Plaintiff did not commit any separate dischargeable offense.

27. West Virginia has a public policy of protecting workers from being retaliated against for utilizing benefits rightfully earned through their employment.

28. As a direct and proximate cause of the Defendant's wrongful termination, Plaintiff suffered injuries, damages and losses as hereinafter set forth.

## COUNT III – TORT OF OUTRAGE

29. Plaintiff hereby re-alleges each and every allegation contained in paragraphs One (1) through Twenty-Eight (28) as if fully restated herein.

30. The discriminatory and retaliatory acts and/or omissions taken against Plaintiff Mathes by Defendant Webster County Memorial Hospital, were done in a severe and outrageous manner and were so extreme as to be intolerable in a civilized society.

31. Defendant acted intentionally and recklessly which caused Plaintiff Mathes extreme emotional distress.

32. Defendant knew that said intentional and reckless actions would cause Plaintiff Mathes to suffer extreme emotional distress.

33. As a direct and proximate result of the outrageous and wrongful actions aforesaid, Plaintiff has suffered injuries, damages and losses as hereinafter set forth.

## DAMAGES

34. Plaintiff hereby restates each and every allegation contained in paragraphs one (1) through Thirty-Three (33) of this Complaint as if fully rewritten herein.

35. As a direct and proximate result of the acts and/or omissions of Defendants as hereinbefore alleged, Plaintiff has been caused to suffer injuries, damages and losses, including but not limited to: loss wages and benefits both past and future, emotional distress, anxiety, fear, embarrassment, humiliation, financial hardship, and attorney fees.

36. All of the acts of Defendants and its agents, servants, and employees, as alleged in each count of this Complaint were willful, wanton, and malicious and/or reckless and/or in reckless disregard for the civil rights of Plaintiff Charlotte L. Mathes such that punitive damages are warranted.

6

WHEREFORE, Plaintiffs, Charlotte L. Mathes, demands judgment against the Defendant Webster County Memorial Hospital, Incorporated in an amount that would adequately compensate Plaintiff for the unlawful acts and/or omissions and violations of law by Defendant, plus whatever other relief the Court or Jury would deem just; and for punitive damages in an amount adequate to punish and deter Defendant from committing this type of conduct in the State of West Virginia in the future and in such amounts as will satisfy all other reasons of law and public policy for an award of punitive damages; and Plaintiff further prays for an award of attorney fees, costs, interest, and for such other relief as the Court or jury deems just.

<u>**PLAINTIFF DEMANDS A TRIAL BY JURY.**</u>

Charlotte L. Mathes,
By Counsel,

Erika Klie Kolenich, Esq. (9880)
Klie Law Offices, PLLC
85 W. Main St.
Buckhannon, WV 26201
(304) 472-5007
Facsimile: 304-472-1126
ehklie@klielawoffices.com

7

## IN THE CIRCUIT COURT OF WEBSTER COUNTY, WEST VIRGINIA

**CHARLOTTE L. MATHES,**
     Plaintiff,

v.                               **CIVIL ACTION NO.: 19-C-____**

**WEBSTER COUNTY MEMORIAL**
**HOSPITAL, INCORPORATED, and**
**MICHELLE HOLCOMB**
     Defendants.

### VERIFICATION

STATE OF WEST VIRGINIA;
COUNTY OF _Webster_ ; TO-WIT:

     I, **Charlotte L. Mathes**, named in the foregoing *"COMPLAINT,"* after being first duly sworn, do hereby swear that the facts and allegations therein contained are true, except insofar as they are therein stated to be upon information and belief, I believe them to be true.

*Charlotte L. Mathes*

**Charlotte L. Mathes**

Taken, subscribed, and sworn to before
me, a Notary Public, by **Charlotte L. Mathes**
on this the 26th day of _February_ , 2019.

*Terry D Casteel*

Notary Public

My Commission expires on: _June 7, 2020_

```
NOTARY PUBLIC OFFICIAL SEAL
TERRY D. CASTEEL
State of West Virginia
My Comm. Expires Jun 7, 2020
129 Allman Ave Cowen WV 26206
```

8